**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| RICKY HENSON<br>7583 WESTFIELD ROAD, APT. I<br>BALTIMORE, MD 21222<br>(BALTIMORE CITY) | CLASS ACTION COMPLAINT |
| IAN MATTHEW GLOVER<br>1001 HAMILTON AVENUE<br>CLIFTON FORGE, VA 24422-1609 | |
| KAREN PACOULOUTE<br>F/K/A KAREN WELCOME KUTEYI<br>316 WATCHUNG AVENUE<br>ORANGE, NJ 07050 | |
| PAULETTE HOUSE<br>3600 ELY PLACE, S.E. 230<br>WASHINGTON, DC 20019-3037 | JURY TRIAL DEMANDED |
| *on her own behalf and on behalf of*<br>*all others similarly situated,* | |
| Plaintiffs, | |
| v. | |
| SANTANDER CONSUMER USA INC.<br>565 FIFTH AVENUE<br>NEW YORK, NY 10017 | Case No. _____ |
| NCB MANAGEMENT SERVICES, INC.<br>3 NESHAMINY INTERPLEX-STE 205<br>TREVOSE, PA 19053 | |
| COMMERCIAL RECOVERY SYSTEMS, INC.<br>8035 EAST R.L. THORNTON, STE. 220<br>DALLAS, TX 75228<br>**Serve All On:** The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, MD 21201 | |
| Defendants. | |

## COMPLAINT

Named Plaintiffs Ricky Henson, Ian Matthew Glover, Karen Pacouloute and Paulette House (collectively "Named Plaintiffs"), on their own behalf and on behalf of all others similarly situated, through their attorney Cory L. Zajdel of Z LAW, LLC, hereby submits this Class Action Complaint against Santander Consumer USA Inc. ("Santander"), NCB Management Services, Inc. ("NCB") and Commercial Recovery Systems, Inc. ("Commercial Recovery"), and states:

## I.   INTRODUCTION

1.      This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692 *et. seq.*, (hereinafter "FDCPA") to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendants' violations all of which occurred within one year from the filing date of this Complaint.

2.      The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the FDCPA with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.      Defendants are debt collectors actively participating in collecting debts from consumers located in Maryland and around the country.

4.      Defendant Santander is an entity that acts as a consumer finance company and acquires defaulted consumer debt that is bought for a few cents on the dollar.

5.      Defendant Santander is a debt collector and attempts to collect the purchased defaulted debts directly from consumers.

6.      Defendant NCB is a debt collector hired by Santander to attempt to collect defaulted debts from consumers on behalf of Santander.

7.      Defendant Commercial Recovery is a debt collector hired by Santander to attempt to collect defaulted debts from consumers on behalf of Santander.

8.      Defendants attempt to collect debts from consumers in Maryland and throughout the United States by mail and by telephone.

9.      Defendants conduct business in Maryland by attempting to collect on consumer debts by contacting Maryland consumers.

10.      Defendant Santander regularly communicates with Class Members unlawfully by: (a) communicating with consumers that are represented by an attorney regarding the alleged debt; (b) misrepresenting the amount of the alleged debt; (c) misrepresenting an entitlement to collect the alleged debt; and (d) referring Class Member accounts to Defendants NCB and Commercial Recovery for collection.   Santander is also vicariously liable for the collection activities of Defendants NCB and Commercial Recovery.

11.      Defendant NCB regularly communicates with Class Members unlawfully by: (a) communicating with consumers that are represented by an attorney regarding the alleged debt; (b) misrepresenting the amount of the alleged debt; (c) misrepresenting an entitlement to collect the alleged debt; and (d) misrepresenting the identity of the debt owner.

12.     Defendant Commercial Recovery regularly communicates with Class Members unlawfully by: (a) communicating with consumers that are represented by an attorney regarding the alleged debt; (b) misrepresenting the amount of the alleged debt; (c) misrepresenting an entitlement to collect the alleged debt; (d) misrepresenting the identity of the debt owner; and (e) misrepresenting its ability to pursue further legal action on the alleged debt.

13.     The communications from Defendants to Named Plaintiffs and the Class were generally contradictory, inaccurate and misleading.

14.     Named Plaintiffs institute this class action against Defendants on their own behalf and on behalf of all others similarly situated for violations of statutory obligations and seek to recover actual damages, statutory damages, interest, attorney fees, and the costs of this action against Defendants for multiple violations of the FDCPA.

## II.     PARTIES

15.     Named Plaintiff Ricky Henson is a natural person currently residing at 7583 Westfield Road, Apt. I, Baltimore, Maryland 21222 (Baltimore City) and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16.     Named Plaintiff Ian Matthew Glover is a natural person currently residing at 1001 Hamilton Avenue, Clifton Forge, VA 24422-1609 and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17.     Named Plaintiff Karen Pacouloute f/k/a Karen Welcome Kuteyi is a natural person currently residing at 316 Watchung Avenue, Orange, NJ 07050 and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.     Named Plaintiff Paulette House is a natural person currently residing at 3600 Ely Place, S.E. 230, Washington, DC 20019 and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19.     Defendant Santander Consumer USA Inc. is a corporation formed under the laws of the state of Illinois with a business address of 565 Fifth Avenue, New York, NY 10017.

20.     At all times relevant to this Complaint, Santander transacted business in the District of Maryland and at other locations throughout Maryland, operating as a consumer finance company and "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21.     Defendant NCB Management Services, Inc. is a corporation formed under the laws of the state of Pennsylvania with a business address of 3 Neshaminy Interplex-Ste. 205, Trevose, PA 19053.

22.     At all times relevant to this Complaint, NCB transacted business in the District of Maryland and at other locations throughout Maryland, operating as a collection agency and "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23.     Defendant Commercial Recovery Systems, Inc. is a corporation formed under the laws of the state of Texas with a business address of 8035 East R.L. Thornton, Ste. 220, Dallas, TX 75228.

24.     At all times relevant to this Complaint, Commercial Recovery transacted business in the District of Maryland and at other locations throughout Maryland, operating as a collection agency and "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

III.    **JURISDICTION AND VENUE**

25.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

26.     Venue is proper in this Court because Defendants transact business within this District, the conduct complained of occurred in the District, the Class Member transactions at issue were previously litigated in this District, the Court maintains jurisdiction over those claims, Named Plaintiff Henson resides in this District and all of the Defendants are residents of different Districts.

## IV.     FACTUAL ALLEGATIONS

*Consumer Credit Contracts with CitiFinancial Auto*

27.     Named Plaintiffs applied for and were approved for subprime consumer credit from CitiFinancial Auto Credit, Inc., CitiFinancial Auto Corp. or CitiFinancial Auto, LTD ("CitiFinancial Auto").

28.     Named Plaintiffs each financed the purchase a motor vehicle in the state of Maryland with the credit extended by CitiFinancial Auto which was a financial obligation and consumer debt that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5).

29.     As a result of the transaction, each Named Plaintiff became the owner of a motor vehicle and CitiFinancial Auto acquired a lien and security interest each Named Plaintiff's motor vehicle.

30.     Named Plaintiffs' credit transactions were memorialized in Retail Installment Sale Contracts ("RISC").

31.     The RISCs affirmatively elect to be governed under Subtitle 10 of Title 12 of the Commercial Law Article (*i.e.* Maryland's Credit Grantor Closed End Credit Provisions – hereafter "CLEC").

32.     As some point in time, each Named Plaintiffs were unable to meet their payment obligations and defaulted under the RISC.

33.     CitiFinancial Auto and/or its agents seized and repossessed the secured motor vehicles from Named Plaintiffs.

34.     Named Plaintiffs did not receive any pre-repossession notices by registered or certified mail at least ten (10) days before the repossession.

35.     CitiFinancial Auto wrote to Named Plaintiffs prior to the repossession sale demanding money and telling Named Plaintiffs that the motor vehicles would be sold unless they redeemed their RISCs.

36.     CitiFinancial Auto then wrote to Named Plaintiffs and required accelerated and full payment of the outstanding balance on the RISC, stating the time and place the repossessed vehicles would be sold and that the sales would be public sales.

37.     CitiFinancial Auto again wrote to Named Plaintiffs notifying them that the motor vehicles were sold, providing Named Plaintiffs with a partial accounting and telling Named Plaintiffs that a deficiency balance exists on their accounts.

*Class Action Lawsuit and Settlement With CitiFinancial Auto*

38.     A class action lawsuit was filed against CitiFinancial Auto alleging that CitiFinancial Auto violated rights provided to consumers with respect to motor vehicle repossession under CLEC.

39.     The litigation filed against CitiFinancial Auto proceeded in the United States District Court for the District of Maryland under case caption *Thomas v. CitiFinancial Auto Credit, Inc.*, 1:10-cv-00528-JKB ("Thomas Action").

40.     The parties in the Thomas Action entered into a class-wide settlement agreement signed on September 30, 2011.

41.     CitiFinancial Auto agreed to "waive any Deficiency Balance for all Settlement Class Members who do not opt out."

42.     This Court entered an order preliminarily approving the settlement and appointing class counsel to represent all the Thomas Action class members with respect to the CitiFinancial Auto accounts on November 14, 2011.

43.     Named Plaintiffs were all members of the class in the Thomas Action.

44.     On May 29, 2012, this Court entered an order after holding a fairness hearing finally approving the class action settlement in the Thomas Action.

45.     Thomas Action class members broadly released all claims against CitiFinancial Auto relating to the credit accounts resulting in a repossession sale.

46.     Specifically excluded from the broad release in the Thomas Action was "any claims of Settlement Class Members that may be asserted against Santander Consumer USA Inc. or any of its related entities, or any person or entities collecting on their behalf, arising from efforts to collect on Settlement Class Members' accounts on or after December 1, 2011.  This clarification shall not in any way limit the scope of the foregoing releases as to CitiFinancial or, except as stated in this paragraph 8(d), any other Released Parties or Released Claims."

*Defendant Santander's Efforts to Collect From Named Plaintiffs After the Class was Certified and Class Counsel was Appointed by the District Court*

47.     Subsequent to Named Plaintiffs and all Thomas Action class members defaulting on each RISC, Defendant Santander was hired by CitiFinancial Auto as a servicer to collect on Named Plaintiffs and all other Thomas Action class member defaulted accounts.

48.     On information and belief, no later than December 1, 2011, Defendant Santander purchased the delinquent Thomas Action class member accounts.

49.     On information and belief, prior to December 1, 2011, Defendant Santander had knowledge that the Thomas Action class member accounts were the subject of a class action lawsuit and settlement.

50.     On information and belief, prior to December 1, 2011, Defendant Santander had knowledge that this Court entered an order preliminarily approving the Thomas Action class-wide settlement and appointing class counsel to represent all Thomas Action class members.

51.     On information and belief, Defendant Santander was not provided any contractual authority to collect from Thomas Action class members on or after December 1, 2011.

52.     Beginning on or around December 1, 2011, Defendant Santander through its employees began communicating with Named Plaintiffs and other Thomas Action class members in writing through the United States mails and by telephone in an attempt to collect on the alleged debts.

53.     For instance, on December 23, 2011 Defendant Santander placed a telephone call to Named Plaintiff House in an effort to collect on House's CitiFinancial Auto alleged debt that was part of the Thomas Action settlement.

54.     Defendant Santander confirmed the telephone conversation with Named Plaintiff House with a letter mailed to House on December 27, 2011.

55.     In communicating with Named Plaintiff House after December 1, 2011, Defendant Santander misrepresented: (a) the amount of the alleged debt; and (b) that it was entitled to collect on the alleged debt.

56.     Defendant Santander also communicated with Named Plaintiff House at a time in which House was represented by an attorney with respect to the CitiFinancial Auto alleged debt.

57.     Due to Defendant Santander's misrepresentations and unfair debt collection practices, Named Plaintiff House was induced to make multiple payments to Santander on the alleged debt.

*Defendant NCB's Efforts to Collect From Named Plaintiffs Henson and Glover After the Class was Certified and Class Counsel was Appointed by the District Court*

58.     Subsequent to Named Plaintiffs and all Thomas Action class members defaulting on each RISC, Defendant Santander's purchase of the Thomas Action class member delinquent accounts and appointment of class counsel, Santander hired NCB to collect from Thomas Action class members.

59.     Beginning on or around December 1, 2011, Defendant NCB through its employees began communicating with Thomas Action class members in writing through the United States mails and by telephone in an attempt to collect on the alleged debts.

60.     For instance, on December 29, 2011, Defendant NCB mailed a letter to Named Plaintiff Henson in an effort to collect on Henson's CitiFinancial Auto alleged debt that was part of the Thomas Action settlement.

61.     The letter mailed to Named Plaintiff Henson stated that NCB was collecting on behalf of CitiFinancial Auto.

62.     The letter mailed to Named Plaintiff Henson stated that the balance on the CitiFinancial Auto alleged debt was $26,088.50.

63.     In December 2011, Named Plaintiff Glover called Defendant Santander to determine the status of his CitiFinancial Auto credit account.

64.     Defendant Santander directed Named Plaintiff Glover to Defendant NCB.

65.     Named Plaintiff called Defendant NCB and inquired into the status of the CitiFinancial Auto alleged debt.

66.     NCB represented that an amount was due and owing to Defendant Santander and requested that Named Plaintiff Glover begin making payments on the alleged debt.

67.     In communicating with Named Plaintiffs Henson and Glover after December 1, 2011, Defendant NCB misrepresented: (a) the amount of the alleged debts; (b) that it was entitled to collect on the alleged debts; and (c) the identity of the debt owner.

68.     Defendant NCB also communicated with Named Plaintiffs Henson and Glover at a time in which Henson and Glover were represented by an attorney with respect to the CitiFinancial Auto alleged debt.

69.     Due to Defendant NCB's misrepresentations and unfair debt collection practices, Named Plaintiff House was induced to make payments to NCB on the alleged debt.

*Defendant Commercial Recovery's Efforts to Collect From Named Plaintiff Pacouloute After the Class was Certified and Class Counsel was Appointed by the District Court*

70.     Subsequent to Named Plaintiffs and all Thomas Action class members defaulting on each RISC, Defendant Santander's purchase of the Thomas Action class member delinquent accounts and appointment of class counsel, Santander hired Commercial Recovery to collect from Thomas Action class members.

71.     Beginning on or around December 1, 2011, Defendant Commercial Recovery through its employees began communicating with Thomas Action class members in writing through the United States mails and by telephone in an attempt to collect on the alleged debts.

72.     For instance, on January 26, 2012, Defendant Commercial Recovery mailed a letter to Named Plaintiff Pacouloute in an effort to collect on Pacouloute's CitiFinancial Auto alleged debt that was part of the Thomas Action settlement.

73.     The letter mailed to Named Plaintiff Pacouloute stated that Commercial Recovery was collecting on behalf of CitiFinancial Auto.

74.     The letter mailed to Named Plaintiff Pacouloute stated that the balance on the CitiFinancial Auto alleged debt was $28,608.11.

75.     In communicating with Named Plaintiff Pacouloute after December 1, 2011, Defendant Commercial Recovery misrepresented: (a) the amount of the alleged debt; (b) that it was entitled to collect on the alleged debt; and (c) the identity of the debt owner.

76.     Defendant Commercial Recovery also communicated with Named Plaintiff Pacouloute at a time in which Pacouloute was represented by an attorney with respect to the CitiFinancial Auto alleged debt.

77.     While attempting to collect the alleged debts from Named Plaintiffs and all Thomas Action class members after December 1, 2011, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of 15 U.S.C. §§ 1692(b); 1962c, 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

78.     As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Named Plaintiffs and the Class they seek to represent have sustained actual damages in the form of payments made to Defendants in reliance upon the misrepresentations.

**V.      CLASS ACTION ALLEGATIONS**

79.     Named Plaintiffs bring this action on behalf of a Class which consists of:

> **All Thomas Action class members who were subjected to debt collection efforts by Santander Consumer USA Inc. on or after December 1, 2011.**
>
> *NCB Subclass*
>
> **All Thomas Action class members who were subjected to debt collection efforts by NCB on or after December**

**1, 2011.**

*Commercial Recovery Subclass*

**All Thomas Action class members who were subjected
to debt collection efforts by Commercial Recovery on or
after December 1, 2011.**

Excluded from the Class are those individuals who now are or have ever been executives of the

Defendants and the spouses, parents, siblings and children of all such individuals.

80.     The Class and Subclasses, as defined above, are identifiable.

81.     Named Plaintiffs are all members of the Class.

82.     Named Plaintiffs Henson and Glover are each members of the NCB Subclass.

83.     Named Plaintiff Pacouloute is a member of the Commercial Recovery Subclass.

84.     The Class consists, at a minimum of more than one hundred Thomas Action class

members who defaulted on a loan with CitiFinancial Auto and was subjected to collection efforts

by Santander, NCB and/or Commercial Recovery on or after December 1, 2011 and is thus so

numerous that joinder of all members is clearly impracticable. Fed. R. Civ. P. 23(a)(1).

85.     There are questions of law and fact which are not only common to the Class but

which predominate over any questions affecting only individual class members.  Fed. R. Civ. P.

23(a)(2).

86.     The common and predominating questions include, but are not limited to:

(a)     Whether Defendant Santander had the contractual authority on or after

December 1, 2011 to collect any amounts from Thomas Action class members;

(b)     Whether it is a violation of the FDCPA to attempt to collect an alleged

debt to which the debt collector has no contractual or legal right to collect;

(c)     Whether Defendant Santander had knowledge on or before December 1, 2011 that Thomas Action class members were represented by counsel;

(d)     Whether it is a violation of the FDCPA to attempt to collect an alleged debt from a consumer known to be represented by counsel;

(e)     Whether Defendants misrepresented the amount of the CitiFinancial Auto alleged debts to the Class;

(f)     Whether it is a violation of the FDCPA to misrepresent the amount of the CitiFinancial Auto alleged debts to the Class;

(g)     Whether Defendants misrepresented the identity of the debt owner;

(h)     Whether it is a violation of the FDCPA to misrepresent the identity of the debt owner;

(i)     Whether Defendant NCB acted as an agent of Defendant Santander for the purpose of collecting on the CitiFinancial Auto alleged debts included in the Thomas Action;

(j)     Whether Defendant Commercial Recovery acted as an agent of Defendant Santander for the purpose of collecting on the CitiFinancial Auto alleged debts included in the Thomas Action;

(k)     Whether Defendant Santander is vicariously liable for the acts of Defendant NCB and Commercial Recovery in attempting to collect on the CitiFinancial Auto alleged debts.

87.     Claims of Named Plaintiffs are typical of the claims of the respective members of the Class within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of similar facts constituting the wrongful conduct of Defendants.

88.     Named Plaintiffs will fairly and adequately protect the interests of the Class within the meaning of Fed. R. Civ. P. 23(a)(4).

89.     Named Plaintiffs are committed to vigorously litigating this matter.

90.     Further, Named Plaintiffs have secured counsel experienced in handling consumer class actions and complex consumer litigation.

91.     Neither Named Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

92.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class.  Fed. R. Civ. P. 23(b)(3).

93.     A class action is the superior method for fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3).

94.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

95.     Named Plaintiffs' counsel is experienced in class actions and foresees little difficulty in the management of this case as a class action.

**V.    CAUSES OF ACTION**

**COUNT I**
**(FAIR DEBT COLLECTION PRACTICES ACT)**

96.     Named Plaintiffs incorporate by reference all of the allegations of this Complaint as though fully stated herein.

97.     While attempting to collect the alleged debts from Named Plaintiffs, the Class and the Subclasses, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of numerous provisions of the FDCPA.

98.     FDCPA violations include, but are not limited to: 15 U.S.C. §§ 15 U.S.C. §§ 1692(b); 1962c, 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

99.     As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior in violation of the FDCPA, Named Plaintiffs, the Class and Subclasses have sustained actual damages in the form of payments made to Defendants in reliance upon the misrepresentations.

**WHEREFORE**, Named Plaintiffs pray that judgment be entered against Defendants:

- Certifying the Class, the NCB Subclass and Commercial Recovery Subclass under Rule 23(b)(3).

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual and compensatory damages pursuant to 15 U.S.C. § 1692k against Defendants;

- for an award of statutory damages pursuant to 15 U.S.C. § 1692k against each Defendant not to exceed $500,000 per Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k against each Defendant;

- Award pre and post judgment interest; and

- Award such other relief this Court deems just and equitable.

Respectfully submitted,

**Z LAW, LLC**

Dated: November 29, 2012

_____/s/  28191_____

Cory L. Zajdel, Esq. (Fed. Bar No. 28191)
10811 Red Run Blvd., Ste. 204
Owings Mills, MD 21117
T. (443) 213-1977
E. clz@zlawmaryland.com

Attorney for Named Plaintiffs and the Class

## **JURY TRIAL**

Named Plaintiffs Henson, Glover, Pacouloute and House demand trial by jury.


                                        /s/   28191
                                Cory L. Zajdel