IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICKY HENSON, *et al.* | * | |
|     Plaintiffs, | * | |
|     v. | * | Civil Action No. RDB-12-3519 |
| SANTANDER CONSUMER USA, INC., *et al.*, | * | |
|     Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

This suit brought by Plaintiffs Ricky Henson, Ian Matthew Glover, Karen Paccouoloute, and Paulette House (collectively "Plaintiffs") against Defendants Santander Consumer USA, Inc. ("Santander"), NCB Management Services, Inc. ("NCB"), and Commercial Recovery Systems, Inc. ("CRS") concerns alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), U.S.C. § 1692 *et seq.* Pending before this Court are Defendant Santander's Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 8) and Defendants NCB and CRS's Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 10). The parties' submissions have been reviewed and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Defendant Santander's Motion to Dismiss (ECF No. 8) is GRANTED. Co-Defendants NCB and CRS's Motion to Dismiss (ECF No. 10) is GRANTED IN PART; specifically, the Motion is granted as to Defendant NCB only. With respect to Defendant CRS, this matter is stayed pending resolution of the

1

bankruptcy proceedings against it, and the case will be administratively closed until that point.

## BACKGROUND

This Court accepts as true the facts alleged in the Plaintiffs' Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). According to the Complaint, Plaintiffs each entered into Retail Installment Sale Contracts ("Contracts") with CitiFinancial Auto Credit, Inc., CitiFinancial Auto Corp., or CitiFinancial Auto, LTD (collectively "CitiFinancial Auto") for the purposes of financing motor vehicle purchases in the state of Maryland. Compl. ¶¶ 27-30, ECF No. 1. At some point after entering into the Contracts with CitiFinancial Auto, each Plaintiff failed to meet their payment obligations and defaulted. *Id.* at ¶ 32. CitiFinancial Auto subsequently repossessed and sold the Plaintiffs' motor vehicles, leaving a deficiency balance on the Plaintiffs' accounts. *Id.* at ¶¶ 33-37. A class action lawsuit ensued against CitiFinancial Auto in this Court, alleging that Citi had violated certain provisions of Maryland State law governing the repossession of motor vehicles. *Id.* at ¶¶ 38, 39; *see* Complaint, *Thomas v. CitiFinancial Auto Credit, Inc.*, Civ. A. No. JKB-10-528 (D. Md. March 3, 2010), ECF No. 2. The parties ultimately entered into a settlement agreement approved by this Court on May 29, 2012 after conducting a fairness hearing, in which CitiFinancial Auto agreed to waive deficiency balances for class members.[1] Compl. ¶¶ 40-44. Class members also retained "any [potential] claims . . . that may be asserted against Santander Consumer USA Inc. or . . . any person or entities collecting on their behalf, arising from efforts to

---

[1] This Court preliminarily approved the settlement on November 14, 2011. *Id.* at ¶ 42. By the same order, class members were appointed counsel in the then-pending matter. *Id.*

collect on Settlement Class Members' accounts." *Id.* at ¶ 46.

Plaintiffs contend that on or before December 1, 2011, Santander purchased the delinquent accounts from CitiFinancial Auto and was aware that the delinquent accounts were the subject of a class action lawsuit and settlement, which had been preliminarily approved. *Id.* at ¶ 48-50. After acquiring the delinquent accounts, Santander began efforts to collect debts originally owed to CitiFinancial Auto. *Id.* at ¶ 52. During these efforts Santander is alleged to have misrepresented (1) the amount of debt owed, and (2) its authority to collect such debt. *Id.* at ¶ 55.

After purchasing the delinquent accounts from CitiFinancial Auto, Plaintiffs aver that Santander hired Co-Defendants NCB and CRS to aid in the collection of debts it had acquired. *Id.* at ¶¶ 58, 70. With respects to NCB and CRS, Plaintiffs similarly contend that the Co-Defendants misrepresented the following during its collection efforts beginning on or about December 1, 2011: (1) the amount of debt owed, (2) its authority to collect such debt, and (3) the identity of the debt owner. *Id.* at ¶ 67, 75. There are no allegations that either NCB or CRS was aware of the class action lawsuit or settlement.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests

surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea*

4

*Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (internal quotation marks omitted).

ANALYSIS

Defendants Santander, individually, (ECF No. 8) and NCB and CRS, jointly, (ECF No. 10) have filed Motions to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons herein, Defendant Santander's Motion (ECF No. 8) is granted. As to Defendants NCB and CRS, the Motion is granted with respect to the claims made against Defendant NCB. However, this matter is stayed as to Defendant CRS pending resolution of its bankruptcy proceedings.

I.   **"Debt Collector" Under the FDCPA**

Plaintiffs have failed to "allege facts that make it plausible to believe that [Defendant Santander] is in fact a debt collector as defined by the FDCPA" sufficient to withstand a Rule 12(b)(6) motion. *Givens v. Citimortgage, Inc.*, PJM-10-1249, 2011 WL 806463, at *2 (D. Md. Feb. 28, 2011); *Sparrow v. SLM Corp.*, RWT-08-00012, 2009 WL 77462, at *2 (D. Md. Jan. 7, 2009); *see also Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 777 (E.D. N.C. Sept. 29, 2011) (noting that a court must determine whether the defendant is a "debt

collector" as contemplated by the FDCPA before assessing whether "Plaintiffs have validly stated claims of violations"); *Moore v. Commonwealth Trustees, LLC*, 2010 WL 4272984, at *2 (E.D. Va. Oct. 25, 2010) (same). Under the FDCPA, a debt collector is defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

"The FDCPA does not, however, apply to creditors collecting debts in their own names and whose primary business is not debt collection." *Ramsay v. Sawyer Property Mgmt., LLC*, 948 F. Supp. 2d 525, 531 (D. Md. May 31, 2013) (quoting *Kennedy v. Lendmark Fin. Serv.*, RDB 10-02667, 2011 WL 4351534, at *3 (D. Md. Sept. 15, 20110)); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 379 n. 2 (4th Cir. 2006) (quoting *Nielson v. Dickerson*, 307 F.3d 623, 634 (7th Cir. 2002)) ("[C]reditors who are attempting to collect their own debts generally are not considered debt collectors under the statute."); *Sterling v. Ourisman Chevrolet, Inc.*, 943 F. Supp. 2d 577, 586 (D. Md. May 2, 2013) (quoting *Eley v. Evans*, 476 F. Supp. 2d 531, 534 (E.D. Va. 2007)). Although, as a general matter creditors are exempt from liability under the FDCPA, a narrow exception exists where the purported creditor: "[1] received an assignment or transfer of a debt in default [and; [2] receives the same] solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4) (the "assignee" exception).

### A. Santander is Not a Debt Collector and the Assignee Exception is Inapplicable.

Plaintiffs have failed to allege facts sufficient to support the contention that Defendant Santander was acting as a debt collector. As explained above, a "debt collector" is (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or (2) "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6); *Ramsay,* 948 F. Supp. 2d at 531.

There is no plausible allegation that Santander's primary business purpose is the collection of debts. *See generally* Compl., ECF No. 1; *cf.* Pls.' Opp'n Def. Santander's Mot. Dismiss, ECF No. 15, at 14, 15 n.6 (noting that "Santander *issues and services* tens of thousands of car loans each year" (emphasis added)). Instead Plaintiffs aver that Santander, as a non-originating debt buyer, falls within the definition of "debt collector" because it "regularly collects or attempts to collect debts owed or due" and acquired the Plaintiffs' accounts after default. *Id.* at 14-15. Plaintiffs assert that § 1692a(6) (defining "debt collector") applies to both the collection of debt "(1) owed or due (including debt originator and any non-originating debt buyer); or (2) asserted to be owed or due another (including debt servicer)." *Id.* at 9. Or put differently, Plaintiffs argue that the term "due another" does not modify "debts owed or due," but only debts "asserted to be owed or due." Relying on § 1692a(6)(F)(iii),[2] Plaintiffs conclude that non-originating debt buyers (i.e. Santander) are

---

[2] Section 1692a(6)(F)(iii) states in pertinent part that "[t]he term [debt collector] does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person."

subject to liability under the FDCPA where the debt acquired was in default.[3] Accordingly, Plaintiffs argue that Santander cannot shield itself using the creditor exemption because it is a "debt collector."[4]

In support of its Motion to Dismiss, Santander argues that it is a creditor exempt from liability under the FDCPA because it held the debt and collected the same on its own behalf. Def. Santander's Mem. Supp. Mot. Dismss, ECF No. 9, at 5-8. Consequently, Santander asserts that the assignee exception does not apply precisely because Plaintiffs have not, nor could they have, alleged that Santander acquired the debt "solely for the purpose of facilitating collection of the debt of another." *See id.*; Def. Santander's Reply, ECF No. 17, at 1-4.

The gravamen of this dispute concerns the situations in which a debt buyer or assignee of a debt already in default is subject to liability under the FDCPA. According to the Complaint, Santander purchased the Plaintiffs' delinquent accounts "no later than December 1, 2011" and began its collection efforts "on or around December 1, 2011." Compl. ¶¶ 48, 52. In other words, Santander owned the debt at all times during its collection activities. *Id.* Moreover, "Santander issues and services tens of thousands of car loans each year." Pl.'s Opp'n Def. Santander, ECF No. 15, at 15 n.6. As a preliminary matter, Santander appears to fall under the FDCPA's definition of creditor precisely because Santander (1) "offers or extends credit creating a debt" in the form of car loans which it

---

[3] Once again, this interpretation is premised on Plaintiffs' reading that the term "for another" modifies only debts    "asserted to be owed or due."

[4] Plaintiffs do not expressly rely on the assignee exception to the creditor exemption; rather they assert that Santander is a "debt collector." *See* Pls.' Opp'n to Def. Santander, ECF 15, at 10 ("a non-originating debt buyer    that purchases debt in default is not specifically excluded from the definition of 'creditor' because the non-originating debt buyer already falls under the definition of 'debt collector'").

services and (2) is an entity "to whom debt is owed" as a result of being the assignee. *See* § 1692a(4). However, Santander may still be liable if it "receive[d] [the] assignment or transfer of debt [1] in default [2] solely for the purpose of facilitating collection of such debt for another." § 1692(a)(4). Plaintiffs have repeatedly stated that the debt was in default at the time of the transfer. Compl. ¶ 48; *see generally* Pls.' Opp'n Def. Santander, ECF No. 15. Whether Plaintiffs' have adequately pled facts showing that Santander acquired the debt "solely for the purpose of facilitating collection of such debt for another" requires more scrutiny as the parties disagree as to the effect of the term "for another" in the statute.

This Court has had occasion to consider this issue of statutory interpretation before in *Ransom v. Telecredit Serv. Corp.*, 1992 U.S. Dist. LEXIS 22738 (D. Md. Feb. 5, 1992) and *Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502 (D. Md. Mar. 11, 2013). In *Ransom*, this Court determined that the defendant—whose business consisted of electronically verifying checks and offering to purchase and subsequently collect on every dishonored check—fell within the definition of a "debt collector" for the purposes of the FDCPA. *Ransom*, 1992 U.S. Dist. LEXIS 22738 at *3-5. In reaching this conclusion, the Court considered whether the assignee exception in § 1692(a)(4) required that the collections effort be "for another" as the plain language suggests. *Id.* at *19-20. The Court disagreed with such a strict reading of the statute in all instances, explaining that:

> [t]o say that [the assignee] exception applies only to those who collect debts for others would be to render the exception superfluous and meaningless; those who collect debts for others are not within the original definitional universe [of creditors], and there is therefore no need to exclude them.

*Id.* at 20-21 (quoting *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1485 (M.D. Ala. 1987)).

More recently in *Ademiluyi*, this Court considered on a motion to dismiss whether a non-originating debt buyer who purchases debt in default and seeks to collect the debt for itself fell within the purview of the FDCPA. This Court noted, as a preliminary matter, that courts in other jurisdictions have "determined that it is appropriate to disregard the 'of another' language only where 'an artificial distinction between 'creditor' and 'debt collector' as a result of the 'for another' language would unfairly allow a debt collector to masquerade as a creditor.'" *Ademiluyi*, 929 F. Supp. 2d at 525 (quoting *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1105 (N.D. Cal. 2011)). Ultimately, however, this Court was unable to determine whether "strictly applying the 'for another' language would 'unfairly allow a debt collector to masquerade as a creditor'" because it was unable to determine whether "defendants purchase debts 'solely' for collection, or . . . for servicing." *Id.* at 526. Neither case, however, stands for the proposition that a debt-buyer is necessarily a "debt collector" where they acquire debt in default.

Plaintiffs have failed to allege facts making it plausible that Santander falls under the assignee exception. Unlike the defendant in *Ransom*, there is no indication that Santander "is not in the business of extending credit." *Ransom*, 1992 U.S. Dist. LEXIS 22738 at *15 (basing its decision, in part, on a prior ruling which held that the defendant "is a third party collecting a debt originally owed to another. . . . It is not in the business of extending credit") (quoting *Holmes v. Telecredit Serv Corp.*, 736 F. Supp. 1289, 1293 (D. Del. 1990)). Indeed, Plaintiffs expressly state that "Santander *issues* and services tens of thousands of car loans each year." Pl.'s Opp'n Def. Santander, ECF No. 15, at 15 n.6 (emphasis added). Moreover, with respect to the collection activity concerning the Plaintiffs, there is no indication that

Santander acquired the debt "solely for the purpose of collection" as opposed to servicing. To the contrary, Plaintiffs base their argument, in part, on the assertion that Santander acted as a servicer. *See id.* at 15 ("Santander does not dispute that Named Plaintiffs' debts were already in default at the time the debts were *acquired by Santander for servicing.*") (emphasis added). In other words, Plaintiffs have failed to allege that Defendant Santander is attempting to improperly "masquerade" or shield itself under § 1692(a)(4)'s creditor exemption precisely because Plaintiff affirmatively alleges that Santander acquires debts for servicing rather than just mere collection. The Plaintiffs' cursory assertions that Santander is a "debt collector" because it purchased debts in default do not create a plausible cause of action. Moreover, this Court cannot ignore Plaintiffs' failure to properly address the applicability of the § 1692(a)(4) assignee exception.

This Court also takes note of the fact that, while not binding, the District Court for the Eastern District of Virginia previously determined that Santander was a creditor exempt from liability under the FDCPA. *See Blagogee v. Santander Consumer USA, Inc.*, No. 1:11-CV-680 AJT/TRJ (E.D. Va. Nov. 29, 2011), *aff'd per curiam*, 474 Fed. App'x 366 (4th Cir. 2012) (unpublished). The plaintiff in *Blagogee*, similarly alleged that Santander purchased and subsequently serviced and collected on an auto loan that was in default at the time of purchase. *See* Verified Am. Compl. for J. at ¶¶ 2, 3, 21, *Blagogee v. Santander Consumer USA, Inc.*, No. 1:11-CV-680 AJT/TRJ (E.D. Va. Nov. 29, 2011). In granting Santander's motion to dismiss, the district court noted that the plaintiff "failed to allege, at a minimum, that Santander received it assignment 'solely for the purpose of facilitating collection of such debt *for another.*'" *Id.* at *2 (emphasis in original). Or put differently, the district court strictly

applied the language "for another."[5] Although the decision was affirmed on appeal,[6] the Fourth Circuit has yet to discuss whether the "for another" language contained in § 1692a strictly applies. Accordingly, this Court's interpretation of § 1692a(4) is guided by the decisions in *Ransom* and *Ademiluyi*.

### B. Defendant Santander is Not Vicariously Liable for the Alleged Conduct of Co-Defendants NCB and CRS.

Plaintiffs also suggest that Santander is vicariously liable for the conduct of Co-Defendants NCB and CRS. Pls. Opp'n Def. Santander, ECF No. 15, at 2 n. 1. Contrary to Plaintiffs' assertions, this Court has previously held that a creditor is not ordinarily liable for the conduct of a debt collector acting on its behalf. *Ramsay v. Sawyer Prop. Mgmt., LLC*, 948 F. Supp. 2d 525, 535 (D. Md. 2013); *Fontell v. Hassett*, 870 F. Supp. 2d 395, 412 (D. Md. 2012). As discussed above, Santander owned the debt during the relevant time period and Plaintiffs have failed to demonstrate that Santander falls within the assignee exception to the creditor exemption. Moreover, there is no concern, nor is there any suggestion, that Santander employed the Co-Defendants NCB and CRS in an effort to shield itself from liability under the FDCPA. Holding Santander vicariously liable would not further the purposes of the

---

[5] The district court did not address the case law addressing the statutory term "for another" in its opinion.
[6] Specifically, the Fourth Circuit issued an unpublished, *per curiam* opinion stating as follows:

> William A. Blagogee appeals the district court's order denying relief on his complaint alleging violations of the Truth in Lending Act, 15 U.S.C.A. §§ 1601 to 1667(f) (West 2009 & Supp.2012), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 to 1692p (2006). We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Blagogee v. Santander Consumer USA, Inc.*, No. 1:11–cv–00680–AJT–TRJ (E.D. Va. filed Nov. 29, 2011 & entered Nov. 30, 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
>
> AFFIRMED.

*Blagogee v. Santander Consumer USA, Inc.*, 474 Fed. App'x 366 (4th Cir. 2012) (*per curiam*) (unpublished).

FDCPA; therefore, it would be inappropriate to do so. As previously discussed by this Court:

> [I]f the [Defendant] is not a debt collector subject to liability under the FDCPA itself, then its decision to hire [a debt collector] to engage in debt collection practices on its behalf would not be predicated on evading FDCPA liability, and imputing liability under those circumstances would not further the interests of the Act.

*Fontell*, 870 F. Supp. 2d at 412; *see also Ramsay*, 948 F. Supp. 2d at 535 (noting that because the defendant "is not a debt collector . . . [t]here is no concern . . . that [the defendant] employed [a collection agent] to avoid compliance with the FDCPA.").

## II. Plaintiffs Have Failed to Meet the Pleading Standards of Rule 12(b)(6) Against Defendant NCB

Plaintiffs have failed to plead sufficient factual allegations supporting their claims against Defendant NCB. Plaintiffs allege that NCB, through its collection efforts, violated "Sections 1692c(a)(2), 1692(d), 1692e(2), 1692e(8), 1692e(10) and 1692f."[7] Pls.' Opp'n Defs. NCB and CRS's Mot. Dismiss, ECF No. 16, at 14. As explained below, this Court is unable to discern allegations in the Complaint which would support each of these claims.

Section 1692c(a)(2) prohibits a debt collector, without prior consent, from communicating with the consumer

> [I]f the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer[.]

---

[7] The Complaint asserted that NCB violated *inter alia* "15 U.S.C. §§ 1692 (b); 1962c, 1962c(b), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a)." Compl., ECF No. 1, at 12 ¶ 77. Plaintiffs have dropped several of these claims, however, as indicated in its Reply. To be sure, the claims advanced against NCB are identical to those advanced against CRS. However, as discussed *infra*, this matter is stayed as to claims made against CRS.

*Id.* There are simply no allegations that Defendant NCB was aware of either the class action proceeding against CitiFinancial or that Plaintiffs' were represented by counsel. Indeed, Plaintiffs' only assert that Santander was aware of the pending lawsuit. Compl., ECF No. 1, at 9, ¶ 49; Pls.' Opp'n Defs. NCB and CRS, ECF No. 16, at 9-10.

Section 1692d prohibits conduct, "the natural consequence of which is to harass, oppress, or abuse." *Id.* There are no allegations that NCB engaged in any such conduct. Rather, Plaintiffs cursorily assert that "[r]eceipt of a collection call or letter from a debt collector that has no legal ability to collect from the consumer is conduct that results in harassment and abuse." Pls.' Opp'n Defs. NCB and CRS, ECF No. 16, at 6. This assertion is premised on the claim that "Santander was not provided any contractual authority to collect from" the Plaintiffs. Neither claims, however, are supported by factual assertions whatsoever and therefore fail. Moreover, these assertions are inconsistent with Plaintiffs' allegations that "Santander purchased the delinquent [Plaintiffs'] accounts." Compl., ¶ 48.

Plaintiffs' Complaint also fails to provide adequate factual allegations to support the § 1692e(2), (8), and (10) claims. With respect to § 1692e(8), prohibiting debt collectors from "communicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed," Plaintiffs have not provided any support that NCB had knowledge that the debts were being disputed. Rather, they only assert that Santander had knowledge that the debts were disputed "and failed to notify NCB." Pls.' Opp'n Defs. NCB and CRS, ECF No. 16, at 10. This is insufficient to establish that NCB was somehow aware of the disputed status of the debt. *See Robinson v. Greystone Alliance, LLC*, BPG-10-3658, 2011 WL 2601573 at *7 (D. Md. June 29,

14

2011) (quoting *Shah v. Collecto, Inc.,* 2005 WL 2216242, at *10 (D. Md. Sept. 12, 2005) ("[Section 1692e(8)] expressly requires knowledge.").

Plaintiffs' § 1692e(2) and (10), and likewise Plaintiffs' § 1692f claims, are dependent upon the notion that NCB misrepresented the amount of debt owed. This misrepresentation apparently stems from the then-pending status of the class action lawsuit against CitiFinancial. However, the alleged conduct of NCB occurred and ceased while the case was pending, and neither a final judgment nor a final settlement had been reached. Therefore, Plaintiffs cannot based their assertion that NCB misrepresented the amount of debt owed on either the lawsuit against CitiFinancial or the settlement agreement. In sum, Plaintiffs have failed to plead facts sufficient to support any of its conclusory legal assertions against Defendant NCB.

### III. Automatic Stay as to Defendant CRS Pending Resolution of Bankruptcy Proceedings

Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was . . . commenced before the commencement of the [bankruptcy proceeding]." *Id.* On or about November 19, 2013, Defendant CRS filed a voluntary bankruptcy petition, which is currently pending in the United States Bankruptcy Court for the Eastern District of Texas. Def.'s Suggestion Bankr. & Notice Automatic Stay, ECF No. 23, at 1. Because the instant case concerns the Plaintiffs' effort to, *inter alia*, collect or recover a claim against CRS and was initiated prior to the filing of CRS' bankruptcy petition, this matter is stayed pending resolution of the bankruptcy proceeding.

## CONCLUSION

For the reasons stated above, Defendant Santander's Motion to Dismiss (ECF No. 8) is GRANTED. Co-Defendants NCB and CRS's Motion to Dismiss (ECF No. 10) is GRANTED IN PART; specifically, the Motion is granted as to Defendant NCB only. With respect to Defendant CRS, this matter is stayed pending resolution of the bankruptcy proceedings against it, and the case will be administratively closed until that point.

A separate Order follows.

Dated: May 6, 2014                           _____/s/_____
                                                                Richard D. Bennett
                                                                United States District Judge