**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| RICKY HENSON<br>IAN MATTHEW GLOVER<br>KAREN PACOULOUTE<br>F/K/A KAREN WELCOME KUTEYI<br>PAULETTE HOUSE<br><br>*on her own behalf and on behalf of*<br>*all others similarly situated,*<br><br>      Plaintiffs,<br><br>      v.<br><br>SANTANDER CONSUMER USA INC.<br>NCB MANAGEMENT SERVICES, INC.<br>COMMERCIAL RECOVERY SYSTEMS, INC.<br><br>      Defendants. | Case No. 1:12-cv-3519-RDB |

**PLAINTIFF HENSON'S MOTION FOR RECONSIDERATION**

Named Plaintiff Ricky Henson submits this Motion for Reconsideration of this Court's Memorandum Opinion and Order dated May 6, 2014 (ECF #24 and 25), granting the Motion to Dismiss filed by Defendant NCB Management Services, Inc. ("NCB"). ECF #10. Plaintiff asserts that the Court did not consider, analyze or reject the overwhelming precedent and argument presented with respect to NCB's efforts to collect from Henson by representing that it was collecting on behalf of the original creditor CitiFinancial Auto. In fact, Defendant NCB acknowledged this allegation but made no argument that the proscribed conduct was somehow a legitimate collection practice under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In addition, the court did not discuss or reject this cause of action in dismissing the case in all respects. These failures caused the Court to make a clear error of law

resulting in manifest injustice to Plaintiff Henson and the Class of individuals he seeks to represent.  For this reason, Plaintiff Henson requests that this Court reconsider its Memorandum Opinion and Order dismissing the action with respect to this allegation.  ECF #24 and 25.

## I.   BACKGROUND

Named Plaintiffs filed a class action suit against Defendants Santander Consumer USA Inc. ("Santander"), NCB Management Services, Inc. ("NCB") and Commercial Recovery Systems, Inc. ("CRS") for alleged violations of the FDCPA.  Santander filed a Motion to Dismiss (ECF #8) and NCB and CRS filed a separate Motion to Dismiss (ECF #10).  The Court granted Santander's Motion to Dismiss on all claims pending against Santander.  ECF #25 at ¶ 1.  The Court granted NCB's Motion to Dismiss on all claims pending against NCB.  ECF #25 at ¶ 2.  Finally, the Court stayed the Motion to Dismiss related to all claims pending against CRS "pending resolution of its bankruptcy proceedings[.]"  ECF #25 at ¶ 3.

## II.   STANDARD OF REVIEW

When a motion for reconsideration is filed prior to the entry of final judgment against all parties, it is considered pursuant to FEDERAL RULES OF CIVIL PROCEDURE 7.  *Potter v. Potter*, 199 F.R.D. 550 (D. Md. 2001).  The standard set forth by this court and endorsed by the United States Court of Appeals for the Fourth Circuit is akin to that of a motion filed pursuant to RULE 59(e) that allows a court to alter or amend a final judgment by way of reconsideration in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452-53 (4th Cir. 2005); *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005); *Pacific Ins. Co. v. Amer. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  As the Fourth Circuit has noted, RULE 59(e) allows a court "to correct its own

errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pacific Ins. Co.*, 148 F.3d at 403 (*quoting Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). While it is within a court's discretion to grant a motion under RULE 7 or RULE 59(e), a court abuses that discretion when "it fails to take relevant factors intended to guide its discretion into account or when it acts on the basis of 'legal or factual' misapprehensions respecting those factors." *Pacific Ins.*, 148 F.3d at 402. A motion for reconsideration should not "ask the Court to rethink what the Court had already thought through--rightly or wrongly." *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). In other words, a motion for reconsideration is not proper when it "merely reiterates arguments this Court previously rejected in its Memorandum Opinion[.]" *Redner's Markets, Inc. v. Joppatowne G.P. Ltd. P'ship*, No. 11-1864-RDB, 2013 WL 5274356 (D. Md. Sept. 17, 2013).

### III.   ARGUMENT

Plaintiff's Motion for Reconsideration is appropriate because arguments raised related to specific claims were unopposed by Defendant NCB and were never rejected by this Court in its Memorandum Opinion. Specifically, Plaintiff Henson alleged in the Class Action Complaint that Defendant Santander purchased his delinquent account no later than December 1, 2011 and NCB represented to him on December 29, 2011 that NCB was collecting on behalf of the original creditor CitiFinancial Auto. ECF #1 at ¶¶ 48 and 61. Defendant NCB recognized in its Memorandum in Support of Motion to Dismiss that "Plaintiffs state that [NCB] misrepresented . . . the identity of the creditor[.]" ECF #11 at 10. Plaintiff Henson stated in his opposition that NCB's attempts to collect debts on the false representation that it was collecting on behalf of the original creditor -- CitiFinancial Auto -- violates FDCPA §§ 1692e(2) and 1692e(10). ECF #16

at 9.  In a section captioned "Santander Owned Named Plaintiffs Debts - Not CitiFinancial Auto[,]" Plaintiff Henson explained:

> 15 U.S.C. §§ 1692e(2) and 1692e(10)
>
> Section 1692e(2) (emphasis added) prohibits a debt collector from making a "false representation of[] the *character*, amount, or legal status of any debt[.]"  Section 1692e(10) prohibits a debt collector from making "any false representation or deceptive means to collect or attempt to collect any debt . . . ."  A debt collector violates Section 1692(e) even when a false representation was unintentional and made without knowledge. *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003).  For this reason, numerous courts have held that a debt collector attempting to collect a debt on behalf of one party but representing to the consumer that it was collecting the debt on behalf of another party was a false representation sufficient to allege a violation of Section 1692e(2) and (10). *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238 (11th Cir. 2012); *Shoup v. McCurdy & Candler, LLC*, 465 Fed. Appx. 882, 884-85 (11th Cir. 2012) (unpublished opinion) (misstating the creditor subjects a debt collector to liability under FDCPA); *Suquilanda v. Cohen & Slamowitz*, 2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011) (analyzing that "[i]dentifying the debt owed is different from indentifying the current owner of the debt, especially when, like here, the original creditor sold the debt to a third party"); *Hepsen v. J.C. Christensen and Associates, Inc.*, 2009 WL 3064865 (M.D. Fla. Sept. 22, 2009).
>
> The failure to disclose that the current debt holder is an entity other than CitiFinancial Auto and at the same time making the affirmative false representation that NCB and CRS were collecting on behalf of CitiFinancial Auto is material.  An original creditor stands in a different position than a non-originating debt buyer for purposes of collecting debts.  For instance, the consumer has an established relationship with the original credit.  On the other hand, a consumer does not know the non-originating debt buyer or understand its relationship or ability to collect the debt.  The Maryland State Court System recognized this difference and recently amended the Maryland Rules to make it more difficult for a non-originating debt buyer that purchases a debt in default to collect from a consumer.  The non-originating debt buyer must now provide a long list of data, documents and affidavits in order to request and be awarded an affidavit judgment and are far less likely to be awarded judgment than an original creditor. Md. Rule 3-306(d).

> In accordance with the allegations of the Complaint that Santander purchased the delinquent Thomas Action class member accounts (ECF #1 at ¶ 48), any statement that NCB or CRS were collecting on behalf of CitiFinancial Auto was false. Named Plaintiffs Henson and Pacouloute each alleged that NCB and CRS made the false representations that they were collecting on behalf of the original creditor CitiFinancial Auto. *Id.* at ¶¶ 61 and 73. These allegations alone are sufficient to state a claim for violating Section 1692e(2) and (10).

*Id.* at 9-11. Defendant NCB completely failed to respond to this section of Plaintiff Henson's Opposition. *See generally* ECF #21. For this reason, Defendant NCB conceded that Plaintiff Henson stated a claim with respect to the attempted debt collection efforts while misrepresenting the creditor and waived its right to contest this argument by failing to address it in its reply. *See Kutik Photography v. Cochran*, 975 F. Supp. 812, 814 (E.D. Va. 1997) (failure to respond to argument in motion to dismiss required court to grant motion); *Ciphertrust, Inc. v. Trusecure Corp.*, No. 04-cv-1232, 2005 U.S. Dist. LEXIS 46322, at *1 (E.D. Va. Nov. 28, 2005) (ruling plaintiff conceded defendant's argument by failing to respond to it). The court acknowledged in the Memorandum Opinion that Henson's claims included misrepresentations regarding "the identity of the debt owner." ECF #24 at 3.

Nonetheless, this court dismissed the entire Class Action Complaint as it relates to Henson's claims against NCB without addressing or rejecting Henson's allegation that attempting to collect a debt by misrepresenting the identity of the creditor is a violation of the FDCPA §§ 1692e(2) and 1692e(10). *See generally* ECF 24.[1] Not only did Plaintiff Henson allege in the Class Action Complaint that this debt collection effort violated his rights under the FDCPA (ECF

---

[1] The court reasons that the FDCPA §§ 1692e(2) and 1692e(10) claims were based solely on "the notion that NCB misrepresented the amount of debt owed." ECF #24 at 15. As described herein, this statement is incorrect because Plaintiff Henson clearly alleged and argued that it was a violation of the FDCPA to misrepresent the identity of the creditor and dedicated an entire section of his brief detailing the argument. ECF #16 at 9-11.

#1 at ¶¶ 48 and 61) but he then vigorously argued the same in great detail in the Opposition filed with this court.  ECF #16 at 9-11.  Defendant NCB's failure to oppose this argument was reason alone to deny the Motion to Dismiss as to this allegation.

Plaintiff Henson is not requesting that the court rehash an argument that this court has considered and rejected.  Since it appears from the record that the court did not consider or reject this argument and Defendant NCB did not oppose this argument in any regard, it was clear error to dismiss the Class Action Complaint related to Plaintiff Henson's argument that misrepresenting the identity of the creditor is a violation of the FDCPA.  Accordingly, correction of this clear error is warranted.

**IV.    CONCLUSION**

For the reasons set forth above, the Court should grant the Motion for Reconsideration, vacate in part its Memorandum Opinion and Order dated May 6, 2014 (ECF #24 and 25) and allow the case to proceed against Defendant NCB on the claim discussed herein.

Respectfully submitted,

Z LAW, LLC

Dated: May 9, 2014                    By:_____/s/___28191_____
                                       Cory L. Zajdel, Esq. (Fed. Bar No. 28191)
                                       301 Main Street, Ste. 2-D
                                       Reisterstown, Maryland 21136
                                       (443) 213-1977
                                       clz@zlawmaryland.com

**Attorney for Named Plaintiffs**