IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICKY HENSON, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-12-3519 |
| SANTANDER CONSUMER USA, INC., *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This action was initially filed by the Plaintiffs in the aftermath of the settlement of an earlier action in this Court, *Thomas v. CitiFinancial Auto Credit, Inc.*, Civ.A. No. JKB-10-528 (D. Md. March 3, 2010). That class action lawsuit resulted in a settlement agreement which provided that class members retained the right to make certain claims against Defendant Santander Consumer USA, Inc. ("Santander"), or other entities collecting on its behalf. In this action, the Plaintiffs brought claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, against Defendant Santander, as well as Defendants NCB Management Services, Inc. ("NCB") and Commercial Recovery Systems, Inc. ("CRS"). This Court has previously entered a Memorandum Opinion (ECF No. 24) and Order (ECF No. 25) granting Santander's Motion to Dismiss (ECF No. 8) and granting NCB's Motion to Dismiss (ECF No. 10), but staying that Motion to Dismiss as to Defendant CRS, in light of its petition in bankruptcy.[1] Plaintiff Ricky Henson ("Henson") has filed the pending Motion

---

[1] CRS's bankruptcy proceedings are still pending in the United States Bankruptcy Court for the Eastern District of Texas. *See* Suggestion of Bankruptcy and Notice of Automatic Stay, ECF No. 23.

for Reconsideration (ECF No. 26) with respect to the dismissal of this action as to Defendant NCB. Simultaneously, Henson and the remaining Plaintiffs[2] in this action filed a Motion for Entry of Final Judgment under Rule 54(b) ("Motion for Entry of Final Judgment") (ECF No. 27) as to this Court's dismissal of this action against Defendant Santander.

The pending Motions were fully briefed by both parties and no hearing is necessary under Local Rule 105.6 (D. Md. 2014).[3] For the reasons that follow, Plaintiff Henson's Motion for Reconsideration as to the dismissal of this action against Defendant NCB (ECF No. 26) is DENIED and Plaintiffs' Motion for Entry of Final Judgment as to the dismissal of this action against Defendant Santander (ECF No. 27) is GRANTED.

BACKGROUND

The background facts of this action remain as set forth in this Court's Memorandum Opinion of May 6, 2014 (ECF No. 24). To summarize, Plaintiffs each entered into Retail Installment Sale Contracts ("Contracts") with CitiFinancial Auto Credit, Inc., CitiFinancial Auto Corp., or CitiFinancial Auto, LTD (collectively "CitiFinancial Auto") for the purposes of financing motor vehicle purchases in the state of Maryland. Compl. ¶¶ 27-30, ECF No. 1. At some point after entering into the Contracts with CitiFinancial Auto, each Plaintiff failed to meet their payment obligations and defaulted. *Id.* ¶ 32. CitiFinancial Auto subsequently repossessed and sold the Plaintiffs' motor vehicles, leaving a deficiency balance on the Plaintiffs' accounts. *Id.* ¶¶ 33-37.

---

[2] The remaining Plaintiffs are Ian Matthew Glover, Karen Pacouloute, and Paulette House.
[3] Additionally, Henson filed a Notice of New Legal Authority, with the decision attached (ECF Nos. 32, 32-1), to supplement his Motion for Reconsideration.

A class action lawsuit ensued against CitiFinancial Auto in this Court, alleging that Citi had violated certain provisions of Maryland State law governing the repossession of motor vehicles. *Id.* ¶¶ 38, 39; *see* Complaint, *Thomas v. CitiFinancial Auto Credit*, ECF No. 2. The parties ultimately entered into a settlement agreement approved by this Court on May 29, 2012 after conducting a fairness hearing, in which CitiFinancial Auto agreed to waive deficiency balances for class members.[4] Compl. ¶¶ 40-44. Class members also retained "any [potential] claims . . . that may be asserted against Santander Consumer USA Inc. or . . . any person or entities collecting on their behalf, arising from efforts to collect on Settlement Class Members' accounts." *Id.* ¶ 46.

Plaintiffs contend that on or before December 1, 2011, Santander purchased the delinquent accounts from CitiFinancial Auto and was aware that the delinquent accounts were the subject of a class action lawsuit and settlement, which had been preliminarily approved. *Id.* ¶¶ 48-50. After acquiring the delinquent accounts, Santander began efforts to collect debts originally owed to CitiFinancial Auto. *Id.* ¶ 52. During these efforts Santander is alleged to have misrepresented (1) the amount of debt owed, and (2) its authority to collect such debt. *Id.* ¶ 55.

After purchasing the delinquent accounts from CitiFinancial Auto, Plaintiffs aver that Santander hired Co-Defendants NCB and CRS to aid in the collection of debts it had acquired.  *Id.* ¶¶ 58, 70. With respects to NCB and CRS, Plaintiffs similarly contend that the Co-Defendants misrepresented the following during its collection efforts beginning on or about December 1, 2011: (1) the amount of debt owed; (2) its authority to collect such debt;

---

[4] This Court preliminarily approved the settlement on November 14, 2011. *Id.* at ¶ 42. By the same order, class members were appointed counsel in the then-pending matter. *Id.*

and (3) the identity of the debt owner. *Id.* ¶¶ 67, 75. There are no allegations that either NCB or CRS was aware of the class action lawsuit or settlement.

STANDARDS OF REVIEW

## A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). In this case, Plaintiff Henson timely filed, for purposes of Rule 59(e), his Motion for Reconsideration after this Court entered its order dismissing all claims against NCB. Henson's Motion will thus be considered under Rule 59(e) only.

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final[5] judgment may be amended under Rule 59(e) in only three circumstances: (1) to

---

[5] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). In *Saint Annes Development Co., Inc. v. Trabich*, 443 Fed. App'x 829, 831-33 (4th Cir. 2011), the Fourth Circuit explained that motions to reconsider interlocutory orders are properly considered under Rule 54(b) of the Federal Rules of Civil Procedure, not Rule 59(e). Such interlocutory orders include those granting only partial summary judgment, where claims remain pending against some or all of the parties. *Id.* Although this Court's May 6, 2014 Order did not dismiss the claims against Defendant CRS, those claims were stayed pending the resolution of CRS's ongoing bankruptcy proceedings. Following dismissal of all claims against Defendants Santander and NCB, the Clerk of Court

4

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.,* *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Id.* Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). A motion for reconsideration thus should be denied when it "merely reiterates arguments [the] Court previously rejected in its Memorandum Opinion[.]" *Redner's Markets, Inc. v. Joppatown G.P. Ltd. P'ship*, Civ.A. No. RDB-11-1864, 2013 WL 5274356, at *8 (D. Md. Sept. 17, 2013).

Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be "'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting

---

administratively closed this case. *See* Order, ECF No. 25. This Court's holdings as to the claims against Santander and NCB are final because they are the "ultimate disposition of [] individual claim[s] entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). Consideration of the pending Motion for Reconsideration under Rule 59(e) is thus appropriate.

*Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)).  "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."   *Id.* (internal citations and quotation marks omitted).

### B.  Motion for Entry of Final Judgment under Rule 54(b)

Under Rule 54(b) of the Federal Rules of Civil Procedure, a court may "direct entry of final judgment as to one or more, but fewer than all, claims or parties" of a multi-claim or multi-party action. Entry of final judgment allows a party to seek an appeal on the adjudged claims immediately, rather than wait for all claims against all parties to be resolved in the district court. *See Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). A motion for entry of a final judgment is not granted lightly. *Id.* Rather, certification under Rule 54(b) "is recognized as the exception, rather than the norm." *Id.*

A party seeking Rule 54(b) certification must "demonstrate that the case warrants certification" through a two-part test. *Id.* (citing *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir. 1975) (footnote omitted)); *see also Curtis-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980). First, the district court must ascertain whether the judgment in question is final. *Braswell Shipyards*, 2 F.3d at 1335 (citing *Curtis-Wright*, 446 U.S. at 7). A judgment is final when it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co.*, 351 U.S. at 436. Second, a court must "expressly determine[] that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Curtis-Wright*, 446 U.S. at 8. This review is "tilted from the start against fragmentation of appeals[.]" *Braswell Shipyards*, 2 F.3d at 1335 (quoting *Spiegel v. Trustees of Tufts College*, 843 F.2d

38, 43 (1st Cir. 1988)). In undertaking this inquiry, a district court must consider five factors, if applicable:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Braswell Shipyards*, 2 F.3d at 1335-36 (quoting *Allis-Chalmers Corp.*, 521 F.2d at 364 (footnotes omitted)). If a court grants Rule 54(b) certification, it must "state [its] findings on the record or in its order." *Braswell Shipyards*, 2 F.3d at 1336 (citing *Spiegel*, 843 F.2d at 43). In the absence of such findings, a reviewing court will not confer the deference usually given to a district court's Rule 54(b) certification. *Braswell Shipyards*, 2 F.3d at 1336.

ANALYSIS

**A. Plaintiff Henson's Motion for Reconsideration (ECF No. 26)**

In moving for reconsideration, Henson does not submit any newly discovered evidence, nor does he argue for any intervening change in controlling law since the Memorandum Opinion of May 6, 2014. Henson does offer as new legal authority the United States Court of Appeals for the Fourth Circuit's recent decision, *Powell v. Palisades Acquisition XVI, LLC*, No. 14-1171, 2014 WL 7191354 (4th Cir. Dec. 18, 2014), in which the Fourth Circuit affirmed in part and vacated in part this Court's earlier ruling, *Powell v. Palisades Acquisition XVI, LLC*, Civ.A. No. RDB-13-0219, 2014 WL 334814 (D. Md. Jan. 29, 2014). Henson argues that the Fourth Circuit's holding in *Powell* is relevant to NCB's argument

7

regarding the materiality of its alleged misrepresentation. Henson further contends that this Court must have relied upon its now-partially vacated ruling when addressing the claims in the subject action. Henson's sole ground for reconsideration is that this Court failed even to consider NCB's alleged misrepresentation of the identity of the debt owner. Thus, Henson's proffered new legal authority is irrelevant to the issue at hand.

Since he cannot satisfy the first two grounds upon which a motion may be granted under Rule 59(e), Henson instead he asserts that this Court did not consider adequately his claim that NCB misrepresented for whom it was collecting the debt, in violation of 15 U.S.C. §§ 1692e(2), 1692e(10). This failure allegedly amounted to a clear error of law, resulting in manifest injustice to Henson.  Yet, Plaintiff has not met the high bar to succeed on this ground for reconsideration. By merely restating an argument already offered, and rejected by this Court, Henson fails to establish a clear error of law such that reconsideration is appropriate.

Henson contends that this Court did not consider or analyze his claim that NCB violated Sections 1692e(2) and 1692e(10) of the Fair Debt Collection Practices Act ("FDCPA") by misrepresenting the identity of the debt owner. Henson also argues that NCB failed to respond to this particular facet of his misrepresentation claim.[6] This identity claim is only one component of a larger misrepresentation claim under §§ 1692e(2) and 1692e(10), in which all Plaintiffs alleged that, during its collection efforts, NCB misrepresented (1) the amount of debt owed; (2) its authority to collect such debt; and (3)

---

[6] Henson contends that, given NCB's failure to analyze or respond to this misrepresentation claim, NCB conceded this claim and lost any right to contest it. NCB, however, directly addresses Plaintiffs' broader misrepresentation claims by asserting that the alleged misrepresentations were neither material nor did they amount to a plausible claim under §§ 1692e(2) or 1692e(10). Mem. Op. in Supp. of Mot. to Dismiss, 10, ECF No. 11.

the identity of the debt owner. Compl. ¶ 67; *see also* Mem. Op., at 3. As this Court explained in its earlier Memorandum Opinion, the alleged misrepresentation "apparently stems from the then-pending status of the class action lawsuit against CitiFinancial." Mem. Op., at 15. After a careful review of Plaintiffs' Complaint and accompanying briefs, this Court held that Plaintiffs "failed to plead facts sufficient to support any of [their] conclusory legal assertions against Defendant NCB." *Id.* This conclusion thus constituted a rejection of the misrepresentation claims, including the identity claim under review for reconsideration.

Moreover, Henson essentially assumes that, in rejecting the misrepresentation claims, this Court *must* have ignored the merits of the subject identity claim. Henson thus simply reiterates the arguments he (and his fellow plaintiffs) made in opposition to NCB's Motion to Dismiss.  In fact, the vast majority of Henson's argument for reconsideration is a lengthy quotation from the Plaintiffs' Opposition Memorandum (ECF No. 16). This Court, however, previously rejected the arguments of that brief when it held that Plaintiffs failed to state a claim under §§ 1692e(2) or 1692e(10) as to Defendant NCB. Henson thus is asserting that he knows, through unidentified means, that this Court did not consider his allegedly meritorious claim adequately. To demonstrate clear error and manifest injustice, a party cannot merely contend that the earlier decision is "just maybe or probably wrong." *TFWS*, 572 F.3d at 194. Instead, that decision must "strike [the court] as wrong with the force of a five-week old, unrefrigerated dead fish." *Id.* Henson's argument for clear error does not so reek.

In sum, Henson merely restates an argument regarding misrepresentation of identity that this Court previously considered and rejected in granting NCB's Motion to Dismiss. By

failing to demonstrate the requisite grounds under Rule 59(e), he cannot maintain the heavy burden of a party moving for reconsideration. Accordingly, Plaintiff Henson's Motion for Reconsideration (ECF No. 26) is DENIED.

## B. Plaintiffs' Motion for Entry of Final Judgment under Rule 54(b) (ECF No. 27)

Plaintiffs move to certify as final this Court's judgment dismissing all claims against Defendant Santander. Plaintiffs contend that the judgment is final and sufficiently separate from any remaining claims so as to warrant Rule 54(b) certification and the opportunity for an immediate appeal. Although fragmentation of multi-claim actions is the exception, rather than the rule, entry of final judgment on all claims against Santander is appropriate. Each Rule 54(b) certification factor will be discussed in turn.

Before determining whether any "just reason" exists for delay, this Court must ascertain whether the judgment as to Santander is final. A judgment is final if it "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co.*, 351 U.S. at 436. Here, this Court held that Santander was not a "debt collector" within the meaning of the Fair Debt Collection Practices Act. Mem. Op., at 7-12. Even further, Santander could not be held vicariously liable for the alleged conduct of NCB or CRS. *Id.* at 12 (citing *Ramsay v. Sawyer Prop. Mgmt., LLC*, 948 F. Supp. 2d 525, 535 (D. Md. 2013). Plaintiffs thus could not state a plausible claim under the FDCPA against Santander, and this Court dismissed all claims against Santander. This dismissal is the "ultimate disposition" of all claims against Santander, thus it is final.

Turning next to whether any just reason exists to delay Rule 54(b) certification, each aforementioned factor counsels in favor of entering final judgment on all claims against

Santander. The first and second factors may be considered together. Santander's adjudicated claims remain independent of the unadjudicated claims still pending against CRS, which have been stayed pending resolution of the bankruptcy petition of CRS. The claims against CRS relate to its conduct as a debt collector, whereas this Court held that Santander is solely a purchaser of the alleged debts. Any remaining claims against CRS are specific to CRS's alleged misrepresentations. Moreover, even if this Court, upon the conclusion of CRS's bankruptcy proceedings, holds that CRS did violate the FDCPA, Santander may not be held liable. No further developments related to Santander can thus proceed in this Court.

The third factor protects a reviewing court from the redundancy and inefficiency of considering the same issue twice. Although all claims in the subject action involve the same underlying events, the judgment as to Santander presents the discrete issue of whether Santander is a "debt collector" for purposes of the FDCPA. A reviewing court would thus consider only this issue of statutory interpretation. CRS and NCB, however, are debt servicers and do not contest their inclusion within the definition of "debt collector." If any claims against CRS or NCB reach the United States Court of Appeals for the Fourth Circuit, the definition of "debt collector" will not be at issue.

Under the fourth factor, a court must consider whether any claims or counter-claims in the multi-claim action could result in a set-off against the judgment in question. As previously discussed, this Court dismissed all claims against Santander. Any remaining claims relate solely to CRS, and are stayed pending resolution of its bankruptcy proceedings. This Court takes judicial notice that no counter-claims exist, nor is there anything in the record that could result in a set-off against the subject judgment.

Finally, judicial efficiency and economy support an entry of final judgment as to Santander. Although this certification will, as Santander warns, split this action into at least two separate tracks, such division supports, rather than impedes, efficiency interests. If this Court denied the Rule 54(b) certification, then Plaintiffs would be forced to wait not only until the conclusion of CRS's bankruptcy proceedings, but also until this Court reaches a final judgment as to CRS. The claims pending against CRS, however, are independent of the grounds upon which this Court dismissed all claims against Santander. Entry of final judgment for Santander enables Plaintiffs to appeal this Court's judgment immediately. Plaintiffs, and Santander, may thus proceed to the ultimate conclusion of their dispute. Plaintiffs' Motion for Entry of Final Judgment under Rule 54(b) (ECF No. 27) is thus GRANTED.

## CONCLUSION

For the foregoing reasons, Plaintiff Henson's Motion for Reconsideration as to Defendant NCB (ECF No. 26) is DENIED and Plaintiffs' Motion for Entry of Final Judgment under Rule 54(b) as to the dismissal of all claims against Defendant Santander Consumer USA, Inc. (ECF No. 27) is GRANTED.

A separate order follows.

Date: February 2, 2015            _____/s/_____
                                  Richard D. Bennett
                                  United States District Judge